IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL GEMAEHLICH | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 7:12cv263 |
| | ) | |
| v. | ) | |
| | ) | |
| OCTAVIA L. JOHNSON, *et al.* | ) | By: Hon. Robert S. Ballou |
| | ) | United States Magistrate Judge |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motions of Plaintiff to compel further answers to interrogatories and the production of certain documents (Dkt Nos. 62 and 69), Defendants' motion to quash the production of documents regarding other complaints against Defendants for using excessive force (Dkt. No. 58), and the motion of the Roanoke City Sheriff to quash discovery regarding the video system used at the Roanoke City Jail and Plaintiff's notice of deposition of the Sheriff's Office filed pursuant to Fed. R. Civ. P. 30(b)(6) (Dkt. No. 64). A hearing was held before this Court on March 14, 2013 on all four of these motions. The Court has considered the oral arguments of counsel, the pleadings filed, and the applicable law. For the reasons stated herein, it is hereby **ORDERED** that Defendants' Motion to Quash (Dkt. No. 58) is **GRANTED IN PART** and **DENIED IN PART**, Plaintiff's Motion to Compel (Dkt. No. 62) is **GRANTED IN PART** and **DENIED IN PART**, that the Roanoke City Sheriff's Office's Motion to Quash (Dkt. No. 64) is **GRANTED IN PART** and **DENIED IN PART**, and the

Plaintiff's Motion to Compel Third Discovery (Dkt. No. 69) is **GRANTED IN PART** and **DENIED IN PART**.

Plaintiff alleges that the defendant deputies subjected him to excessive force causing personal injury. The pending motions relate to the scope of discovery in prosecuting this claim. The district court has dismissed the Roanoke City Sheriff from this action, and thus dismissed any claims of supervisory liability or failure to adequately train deputies. Against this backdrop, the Court is mindful of the proper scope of discovery in light the remaining claims asserted and the need to allow the parties to inquire into the events which occurred while Plaintiff was in the custody of the defendant deputies.

**Plaintiff's Motion to Compel**

Plaintiff's motion to compel (Dkt. No. 62) seeks further answers to his first interrogatories and the production of certain documents.

Plaintiff asks in Interrogatory No. 2 for the names and addresses of all medical personnel and staff working at the Roanoke City Jail during the period in question. The Sheriff contracts with a third party for providing medical services at the Jail. The Sheriff has identified all persons working in the intake area of the Jail during the time of the alleged incident, every person who appears in videos taken at the Jail, and every person named in the intake log book from the night of and the morning following the alleged incident. Plaintiff seeks the personal contact information of seven former Sheriff's Office employees previously identified in discovery as working in the Jail the night of the alleged incident. These employees were in the Jail the night of the incident, but not in the area where the alleged incident occurred. There is no suggestion that these deputies have direct knowledge of the alleged incident. Plaintiff believes that some or all of the defendants may have spoken to these former employees about the events involving the

Plaintiff's claim, but has no factual basis to believe such conversations occurred. The Court finds that providing the personal contact information of these former employees is not relevant to the issues in this action and is not reasonably calculated to lead to the discovery of admissible evidence. The medical personnel working in the Jail on the night of the alleged incident are not employees of the Sheriff, and thus, the information sought as to those individuals is not available to the Sheriff to produce. The motion to compel as to Interrogatory No. 2 is **DENIED**.

Plaintiff asks in Interrogatory No. 4 for the identity of all persons who have viewed the video footage taken by the Jail's video system on the night of the alleged incident. Defendants object on the grounds that this interrogatory seeks the identification of persons with whom counsel for Defendants has spoken and perhaps shown the video. Defendants represent that they have identified all persons who have knowledge of the alleged incident, and thus fulfilled their obligation under the Federal Rules of Civil Procedure to identify to adverse parties those persons with knowledge of the issues raised in a legal action. A party is not required to identify each person with whom an attorney has met. The motion to compel as to Interrogatory No. 4 is **DENIED**.

Interrogatory No. 10 seeks the identification of all contact between the Sheriff's Office and the Roanoke City Police Department. The Sheriff and Defendants represent that they have identified all persons with knowledge of the alleged incident or the exchange of the video footage of the alleged incident, including the person or persons in the Sheriff's Office responsible for maintaining the videotapes at issue in this case, and that there are no other persons responsive to this request who are not known to Plaintiff's counsel. The motion to compel as to Interrogatory No. 10 is **DENIED**.

Plaintiff asks in Request for Procedure No. 5 for all video footage depicting Plaintiff from the time he came into the Jail until his release. The Sheriff has represented that she has produced all such video. The motion to compel as to Request No. 5 is **DENIED**.

Request Nos. 23, 24, 25, and 26 seek the entire personnel files of the Defendants. The Sheriff has produced in response to these requests all documents from Defendants' respective personnel files relating to their employment and their training and qualification to perform their duties in the Jail. There are no disciplinary records regarding the use of force maintained in the personnel files of the defendant deputies. The remaining documents sought pertain to purely personal matters or administrative issues which are not relevant to the issues in the action or reasonably calculated to lead to the discovery of admissible evidence. The motion to compel as to Request Nos. 23, 24, 25, and 26 is **DENIED**.

Plaintiff seeks in Request Nos. 28-31 the Incident Based Reports ("IBR") prepared by each defendant deputy whenever that deputy took out a criminal charge against an inmate. The Sheriff has produced all warrants for assault and battery sworn out against an inmate by Defendants. The Court finds that an IBR prepared by a deputy is not relevant simply because a deputy may have used force against a detainee/inmate. However, an IBR prepared by a deputy regarding an incident for which the detainee/inmate made a complaint against a Defendant is relevant and must be produced if it relates to a discoverable incident in Request Nos. 49-53. Accordingly, the motion to compel as to Request Nos. 28-31 is **DENIED IN PART** and **GRANTED IN PART** to the extent that the Sheriff shall produce any IBRs related to incidents which are otherwise discoverable in Request Nos. 49-53.

Request No. 40 seeks the Jail's duty rosters for the entire month of November, 2010. The Sheriff has identified all of the persons working in the areas where Plaintiff was held while in the

Jail, each of the persons identified in the available video, and those with knowledge of the alleged events which Plaintiff claims caused his injury. Plaintiff asks for the duty rosters of all persons who worked anywhere in the Jail in November 2010 because one or more of the defendant deputies may have spoken to another deputy from another part of the Jail about the alleged incident. The Court finds that this request is unreasonably broad in scope and is not reasonably calculated to lead to the discovery of admissible evidence. The motion to compel as to Request No. 40 is **DENIED**.

In Request No. 48, Plaintiff seeks all "Sheriff's Operating Instructions" in effect from November 2010 to present. The Sheriff has represented that she has produced the Sheriff's Office Instructions in effect in November 2010 as to the "Goal and Objectives of the Roanoke City Jail," hiring and selection procedures, general employee rules and regulations, disciplinary procedures, the use of restraint equipment, searches for contraband, use of force, staff training and development, the general duties of Jail personnel, receiving and admitting inmates, and duty post orders. The request as to the remaining elements of the Sheriff's operating instructions is unreasonably broad in scope and is not reasonably calculated to lead to the discovery of admissible evidence. The motion to compel as Request No. 48 is **DENIED**.

**Plaintiff's [Second] Motion to Compel**

As to Request For Production No. 16, Plaintiff seeks the discovery of all other written complaints lodged against the Sheriff or any current or former employee from January 1, 2005 to present. This request is not reasonably calculated to lead to the discovery of admissible evidence, except as it relates to the Request Nos. 49-53 and the defendant deputies, as there is no longer any supervisory liability claim pending in this case. The motion to compel is **DENIED**

and the motion to quash is **GRANTED**, with the exception of such written complaints against the individual defendants, which are addressed separately in this Order.

Plaintiff seeks in Request No. 17 all documents regarding the policies, procedures, and training that the Sheriff had in place related to the use of force at the Roanoke City Jail or alternatively to be given a log of all policies and/or procedures so that counsel may make an independent determination of which particular policies/procedures are relevant. The Sheriff does not maintain a separate notebook of such policies and procedures. The Sheriff has represented that she has produced all internal documents, training, procedures or otherwise, relating to the use of force at the Jail. The Sheriff has fully responded to Request No. 17, and thus, the motion to compel as to this request is **DENIED**.

**Documents Relating to Prior Use of Force by Defendants**

Plaintiff seeks in Request Nos. 49–53 all complaints made against defendant deputies for the excessive use of force. Plaintiff contends that these requests may lead to the discovery of admissible evidence of an intent, pattern, plan, or motive. Such evidence is governed by Fed. R. Evid. 404(b), which is an inclusionary rule—that is, it allows the admission of evidence of other bad acts to be admitted unless such evidence *only* goes to prove conformity to character or disposition. See, e.g., United States v. David, 12-4492, 2013 WL 491957, at *1 (4th Cir. Feb. 11, 2013), Smith v. Bank of Am., N.A., 443 F. App'x 808, 810 (4th Cir. 2011) (citing United States v. Sanchez, 188 F.3d 192, 195 (4th Cir. 1997)); Thorne v. Wise, 47 F.3d 1165, 1995 WL 56652, at *3 (4th Cir. 1995) (per curiam) (citing Kopf v. Skyrm, 993 F.2d 374, 380 (4th Cir. 1993)).

To be admissible, the prior act must be sufficiently similar to the issues of the present case to have probative value. "The more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes." United States v. Queen,

132 F.3d 991, 997 (4th Cir. 1997); see also Helsabeck v. Fabyanic, 173 F. App'x 251, 257 (4th Cir. 2006) (per curiam) (upholding the district court's exclusion of 404(b) evidence in an excessive force case where the facts were not sufficiently similar). 404(b) evidence must also pass muster under Fed. R. Evid. 403, which considers, among other factors, whether there is sufficient temporal proximity between the prior act and the act being proved. United States v. Kelly, 510 F.3d 433, 437 (4th Cir. 2007). The prior complaints against Defendants for using excessive force may be found admissible under Fed. R. Evid. 404(b) or 403, or they may be excluded. Such is a question for a motion in limine. However, so long as such complaints are sufficiently similar, they are at least potentially admissible and thus their discovery is reasonably calculated to lead to the discovery of admissible evidence. Having assessed the documents submitted for *in camera* review and determined which documents meet this threshold of similarity, the motion to compel is **GRANTED** and the motion to quash is **DEINED** as to the following investigative reports and written complaints regarding the use of force by the defendant deputies:

    a. The complaint received January 6, 2005 from individual SL, along with the subsequent investigative report associated with it.

    b. The complaint received March 10, 2010 from individual WD, along with the subsequent investigative report associated with it.

    c. The complaint received July 6, 2010 from individual SA, along with the subsequent investigative report associated with it.

Plaintiff seeks in Request Nos. 3, 7, and 10 copies of video footage, documents or reports, and audio recordings pertaining to the use of force incident involving Thomas Scott Vandegrift on or about February 22-23, 2008 to present. These documents relate to a previous

excessive force claim lawsuit brought against several Sheriff's deputies.  The only common defendant to the present case is Defendant Ferrell.  Plaintiff's present counsel represented Vandegrift.  Vandegrift tried the case for three days before a federal jury, which returned a defense verdict against all defendants, including Deputy Ferrell.  See  Vandegrift v. Johnson, et al., No. 7:10cv54 (W.D. Va).  The requests pertaining to the Vandegrift claim seek to inject into this action an unrelated incident which has been fully adjudicated in a separate lawsuit and which relates to only one of defendant deputies in this action.  The Court is extremely reluctant to expand the discovery of this case into a matter which has been litigated and is now closed.  The Court, however, recognizes that Rule 404(b) is an inclusionary rule.  Vandegrift's complaint against Deputy Ferrell relating to the intake of a new arrestee is sufficiently similar in facts and close in time to be discoverable, even if the trial judge ultimately finds that the evidence relating to Vandegrift's complaint is not admissible.  The scope of discovery as to the complaint by Vandegrift shall be limited to the complaint and investigative reports presented for in camera review and any available audio and video tape of that incident.

As to all other documents produced for *in camera* review, they are not sufficiently similar in their facts to the incident alleged by the Plaintiff to be reasonably calculated to lead to the discovery of admissible evidence under FRE 404(b).  As to these documents, the motions to compel are **DENIED** and the motion to quash is **GRANTED**.

**Sheriff's Office Motion to Quash**

The Sheriff's motion to quash (Dkt. No. 64) seeks to quash the Plaintiff's subpoena decus tecum directed as the Sheriff's Office.  The subpoena decus tecum seeks inspection of the video recording system of the Jail and all documents regarding the installation, recording abilities and settings (such frames per second and DVR tape-over settings), maintenance, and repairs of the

video system.  The video recording system at the Jail, however, is no longer the system that was in place at the time of the alleged incident.  (Dkt. No. 75.)  Furthermore, the Plaintiff's movements were limited to certain areas of the Jail.  As such, the investigation and inspection of the entirety of the Jail's video system is not reasonably calculated to lead to the discovery of admissible evidence.  The requests are therefore properly limited to the equipment in place on November 16-17, 2010 and only as it relates to the particular equipment—e.g. cameras, or recording equipment—which would have captured the movement of the Plaintiff.  The motion is quash as to the subpoena decus tecum is **GRANTED** except as set forth in this opinion.

The Sheriff's motion to quash also seeks to quash the Plaintiff's 30(b)(6) deposition of the Sheriff.  The plaintiff seeks depose the Sheriff's Office on the following: (1) the video recording system of the Jail, (2) the video footage record by or obtained from the Jail's system, (3) the video footage specific to the Plaintiff, (4) the video footage specific to Blake King, (5) any internal investigations regarding the actions of Sheriff's employees relating to Blake King on November 16-17, 2010, (6) the basis for the detainment of Blake King, (7) any internal investigations regarding the actions of Sheriff's employees relating to Plaintiff on November 16-17, 2010, and (8) the basis for the detainment of Plaintiff.  The Sheriff objects on the grounds that the Court did not extend discovery for the purpose of taking non-party depositions, that the deposition seeks irrelevant and unduly burdensome documents and information, is not for any proper purpose, and is an abuse of the discovery and pretrial process.  Having considered the deposition notice, it seem proper that Plaintiff be able to discover all aspects of the video system in place in November, 2010, but only in the area where the Plaintiff was detained.  Therefore, the motion to quash is **GRANTED in part** and **DENIED in part** and the Plaintiff's 30(b)(6) deposition of the Sheriff is restricted as follows:

As to Parts 1 & 2, the deposition shall be limited to the components, use, maintenance, function, and malfunction of the parts of the video system which covered the area where Plaintiff was detained.

As to Parts 3, & 4, the deposition shall be limited to the video footage of the area of the Jail where the Plaintiff was detained. The deposition shall not include any viewing, use, or distribution of any video footage by counsel for Defendants, or at counsel's direction.

As to Part 5, the deposition shall be limited to only the facts of any investigation or reports regarding Blake King, and shall not include any mental impressions, conclusions, opinions, or disciplinary action, if any taken.

As to Parts 6 & 8, the detention of the Plaintiff and Blake King are decisions which entities other than the Sheriff's Office would be expected to play a significant, and sometimes determinative, role. The deposition shall be limited to any participation the Sheriff's Office may have had in any arrest, charging, detention, or release decision, and shall not include the reasons the Roanoke City Police Department arrested the Plaintiff or Blake King, or the basis for any detention or release decision made by the magistrate.

As to Part 7, the motion to quash is **DENIED** as to any investigation conducted by the Sheriff's Office regarding the action of any of its employees in connection with Plaintiff on or about November 16-17, 2010.

In accordance with the provisions of 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72, the parties have fourteen (14) days to note any objections to this Order. The parties are advised that the Court may not consider any objection to this Order not timely filed.

The Clerk is directed to provide a certified copy of this Order to all counsel of record.

Entered: March 26, 2013

*/s/ Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge