IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL GEMAEHLICH | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Action No.: 7:12CV263 |
| | ) | |
| **v.** | ) | |
| | ) | |
| OCTAVIA L. JOHNSON, *et al.* | ) | By: Hon. Robert S. Ballou |
| | ) | United States Magistrate Judge |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Protective Order Quashing Plaintiff's Subpoena Duces Tecum to Electronic Specialty Co. (Dkt. No. 82) and their accompanying Motion to Seal Document (Dkt. No. 83). The parties have extensively briefed the issues, and the Court dispenses with oral argument pursuant to Fed. R. Civ. P. 78(b) since it will not aid the decisional process. Having considered the legal memoranda submitted and the applicable law, it is hereby **ORDERED** that Defendants' Motion to Quash (Dkt. No. 82) is **GRANTED IN PART** and **DENIED IN PART**, and that Defendants' Motion to Seal (Dkt. No. 83) is **GRANTED**.

Plaintiff filed this action under 42 U.S.C. § 1983 against Kenneth Ferrell, Frank Porter, Jennifer Callahan, and Stephen Southerland, all of whom are Roanoke City Sheriff's deputies and who worked at all relevant times at the Roanoke City Jail. Plaintiff has asserted claims for excessive force and conspiracy in violation of his constitutional

1

rights. Specifically, Plaintiff alleges that, while he was a pre-trial detainee in the Jail, the defendant deputies beat him, causing serious personal injuries.

The parties have engaged in extensive discovery which has included a focus on the video recording system maintained by the Jail and the actual video recording of Plaintiff while he was inside the Jail. The video footage produced by the Roanoke City Sheriff's Office shows Plaintiff being processed into the Jail and then being escorted by three deputies to a cell. There is then a time gap of approximately seventy seconds in the video footage. The gap begins with Plaintiff being placed in the cell by two deputies, with a third deputy standing outside the cell. The video picks up again with a fourth deputy standing outside the cell. The three original deputies then exit the cell and all four deputies then depart. There is no camera coverage of the inside of the cell where the Plaintiff was held. Plaintiff alleges that the beating occurred inside the cell during the gap in the video footage. The Sheriff has stated that the videotape system "malfunctioned," but has offered no further explanation or a specific cause for the gap in the video footage.

Plaintiff served a subpoena on the Sheriff's Office seeking to inspect the entire video system and to have all documents relating to the system produced (Dkt. No. 64-1). The Court limited Plaintiff's discovery requests regarding the video system at the Jail to permit investigation of the equipment in place on November 16-17, 2010 but only as it related to the particular equipment—e.g. cameras, or recording equipment—which would have captured the movement of Plaintiff while he was in the Jail. (Dkt. No. 78). Plaintiff has now served upon Electronic Specialty Co. a subpoena duces tecum seeking a broad expanse of documents relating to the entire video system throughout the entire jail,

including information regarding upgrades to the system which the Jail installed after November, 2010.

Defendants moved to quash the subpoena to Electronic Specialty Co., contending that the discovery request exceeds the scope of discovery permitted regarding the Jail's video system (Dkt. No. 82). In support of this motion, Defendants filed the audio and video recording of Plaintiff while he was inside the Roanoke City Jail as Exhibit E to their Motion to Quash (Dkt. No. 82-5). Citing security concerns, Defendants have moved to seal the video (Dkt. No. 83). Plaintiff objects to both the Motion to Quash and the accompanying Motion to Seal (Dkt. Nos. 91 & 92).

**Motion to Seal**

An order to seal a document or other exhibit impacts the public's right of access to examine those documents filed as part of a court proceeding. "In any given case . . . some court-filed 'documents fall within the common law presumption of access, while others are subject to the greater right of access provided by the First Amendment. Still others [do] not qualify as judicial records at all.'" Cochran v. Volvo Grp. N. Am., LLC, 1:11CV927, 2013 WL 784502, at *1 (M.D.N.C. Mar. 1, 2013) (quoting United States v. Moussaoui, 65 F. App'x 881, 889 (4th Cir. 2003)). "First Amendment protection extends to only certain judicial records and documents, for example, those filed in connection with a summary judgment motion." Lord Corp. v. S & B Technical Products, Inc., 5:09CV205-D, 2012 WL 895947 (E.D.N.C. Mar. 15, 2012) (citing Stone v. Univ. of Md., 855 F.2d 178, 180 (4th Cir. 1988). As the videotape at issue here was not filed in connection with a dispositive motion or other motion impacting the substantive rights of the parties, the First Amendment right of access does not apply.

Two decisions in this District have found that materials submitted in support of a discovery motion are judicial records subject to the common presumption right of access. In Washington v. Buraker, et al., 3:02CV00106, 2005 U.S. Dist. LEXIS 44958, at *23 (W.D. Va. Mar. 29, 2005), Judge Moon held that the common law presumptive right of access applies to any document filed in support of *any* motion, "no matter how trivial the requested action is." Two year later, Judge Urbanski, following Washington, held that when "discovery documents are reasonably related to and offered in support of a motion and the court actually considers those documents, those documents become judicial and subject to a right of public access." Covington v. Semones, 7:06CV00614, 2007 WL 1170644, at *2 (W.D. Va. Apr. 17, 2007) (citing Washington 2005 U.S. Dist. LEXIS 44958, at *23).

The Washington and Covington decisions stand in contrast to orders in this District which have found that video evidence depicting the inside of a jail or correctional facilitate implicate security and personal privacy concerns and may therefore be sealed, even as exhibits to summary judgment motions. Carter v. Johnson, 7:10CV00342, 2011 WL 2117635 at *3 (W.D. Va. May 27, 2011) (sealing video from the Virginia Department of Corrections); Vandegrift v. City of Roanoke Sheriff's Office, Civ. No. 7:10CV00054 (Dkt. No. 101) (W.D. Va. Mar. 30, 2011) (sealing video from the Roanoke City Jail); Bell v. City of Roanoke Sheriff's Office, et al., Civ. No. 7:09CV0214 (Dkt. No. 113) (W.D. Va. Nov. 15, 2010) (sealing video from the Roanoke City Jail).

In addition to these decisions sealing similar exhibits, the recent trend in both this and other circuits has been to find that documents filed with discovery motions are not judicial records and that courts can therefore seal such documents upon a showing of

4

good cause under Fed. R. Civ. P. 26.  Having considered this developing trend in the law in light of the existing precedent in this District, the Court finds that the video footage attached to the motion to quash is not a judicial record and that good cause exists to seal the video.

When Washington and Covington were decided, the Fourth Circuit not had defined judicial records for purposes of applying the common law presumptive right of access.  Recently, the Fourth Circuit held "that documents filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights."  In re Application of U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D) (In re 2703(D)), 707 F.3d 283, 290 (4th Cir. 2013) (surveying the law among the circuits as to what qualifies as a judicial record subject to the common law presumptive right of access).  Thus, the operative issue is whether the video submitted in connection with Defendants' effort to quash the subpoena served upon Electronic Specialty Co. "plays a role in the adjudicative process."

The issue before the court in In re 2703(D) was whether applications for orders under certain provisions of the Stored Communications Act, 18 U.S.C. § 2703(d), are judicial records subject to the common law presumption of access.  The court did not address whether documents attached to discovery motions are judicial records.  Rather, in defining judicial records, the Fourth Circuit sought to stand "in harmony with the decision of several of our sister circuits" and relied upon decisions from the First, Second and D.C. Circuits in deriving its definition of judicial records.  In re 2703(D) at 290-91 (citing In re Providence Journal Co., Inc., 293 F.3d 1, 9-10 (1st Cir. 2002) (holding that judicial documents are "those materials which properly come before the court in the

5

course of an adjudicatory proceeding and which are relevant to that adjudication."); United States v. El-Sayegh 131 F.3d 158, 163 (D.C. Cir. 1997) (holding that that "what makes a document a judicial record and subjects it to the common law right of access is the role it plays in the adjudicatory process."); United States v. Amodeo 44 F.3d 141, 145 (2d Cir. 1995) (holding that "the item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document.")).

Other circuits have held that discovery materials filed with the court are not judicial records and may be protected from disclosure subject to a showing of good cause under Rule 26. In Anderson v. Cryovac, Inc., 805 F.2d 1, 13 (1st Cir.1986), the First Circuit specifically found that there is no presumptive first amendment public right of access to documents submitted to a court in connection with discovery motions. "Instead, the same good cause standard is to be applied that must be met for protective orders in general." Id. Indeed, the First Circuit recently made clear that Anderson stands for the principle that "no right of access attaches to civil discovery motions themselves or materials filed with them." United States v. Kravetz, 706 F.3d 47, 56 (1st Cir. 2013) (citing 805 F.2d at 11-13). Both the First Circuit's decision in In re Providence Journal and the D.C. Circuit's decision in El-Sayegh rely upon Anderson in their definitions of judicial documents. See 293 F.3d at 10; 131 F.3d at 163 (both citing 805 F.2d at 13).

Numerous other circuits have also expressed the view that documents filed with discovery motions are not subject to the common law presumption of access. See, e.g., Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1312 (11th Cir. 2001) ("The better rule is that material filed with discovery motions is not subject to the

common-law right of access . . . ."); see also IDT Corp. v. eBay, 709 F.3d 1220, 1223 (8th Cir. 2013) (noting "a modern trend in federal cases" to treat pleadings in civil litigation *other than discovery motions and accompanying exhibits* as presumptively public (emphasis added)); United States v. Blagojevich, 614 F.3d 287 (7th Cir. 2010) (citing with approval Anderson, 805 F.2d at 13); Bond v. Utreras, 585 F.3d 1061, 1075 n.8 (7th Cir. 2009) (citing with approval Chicago Tribune Co., 263 F.3d at 1312-13); United States v. Wecht, 484 F.3d 194, 209 (3d Cir. 2007) ("[D]ocuments filed with the court are generally subject to the common law right of access, unless attached to a discovery motion."); F.T.C. v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 408 (1st Cir. 1987) (finding documents only used in discovery do not play a role in the adjudication process (citing Anderson, 805 F.2d at 13)).

Finally, relying in part on the Fourth Circuit's decision in In re 2703(D), the court in Ohio Valley Envtl. Coal. v. Elk Run Coal Co., Inc., 3:12CV00785, 2013 WL 1558418 (S.D.W. Va. Apr. 11, 2013), rejected a common law presumption of access to documents filed as part of a discovery motion, finding that "the [documents] were filed with the Court solely to facilitate a ruling on a discovery motion; accordingly, [they] are not 'judicial records' that trigger a First Amendment or common law right to access." Id. at *10. [1] Instead, the court applied the good cause standard to determine if sealing the

---

[1] Even before the Fourth Circuit decided In re 2703(D), courts within the circuit had taken note of the significant case law indicating documents filed with discovery motions are not judicial documents to which the common-law presumption of public access applies. See, e.g., Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys. Inc., 1:05CV955, 2011 WL 6934696, at *7 (M.D.N.C. Dec. 30, 2011) (noting that while the Fourth Circuit had not made its position clear, significant authority indicated that material filed with discovery motions is not subject to the common-law right of access (citing Chicago Tribune Co., 263 F.3d at 1312); Fleetwood Transp. Corp. v. Packaging Corp. of Am., 1:10MC58, 2011 WL 6217061, at *3 (M.D.N.C. Dec. 14, 2011) (making the same observation); Kinetic Concepts, Inc. v. Convatec Inc., 1:08CV00918, 2010 WL 1418312, at *3-4 (M.D.N.C. Apr. 2, 2010) (noting that the Fourth Circuit had not specifically resolved the question, but concluding upon a review of the case law that no presumptive right of access applies to documents filed with a motion to compel).

documents filed as part of a discovery motion was appropriate.  Id.; see also Anderson v. Cryovac, Inc., 805 F.2d 1, 13 (1st Cir.1986) (doing likewise).

Having carefully considered the prior decisions of this District regarding discovery materials, the evolving trend of the law, and the prior orders sealing video of jails and correctional facilitates, the Court finds that the video submitted with the motion to quash in this discovery dispute is not a judicial record.  To the seal the video, however, Defendants must still show good cause, which the Fourth Circuit describes as the proper "balance [between] the need for transparency in the judiciary with the effective protection of sensitive information."  Am. Civil Liberties Union v. Holder, 673 F.3d 245, 254, 257 (4th Cir. 2011) (interpreting the good cause standard contained 31 U.S.C. § 3730(b)(3) to be identical to the good cause standard contained in Fed. R. Civ. P. 26(c)).

In their Motion to Seal (Dkt. No. 83), Defendant deputies contend that the video attached as Exhibit E implicates concerns regarding the internal security of the Jail and the privacy and security of those viewed in the recording.  Plaintiff objects to sealing of the video and contends that Defendants have revealed a great deal of information about the video system and the Jail's interior in their prior pleadings—such as the fact there is no camera angle into the cell in which Plaintiff was detained and that the camera in that hallway is motion activated.  However, it is one thing to know that the Jail's camera and video recording system has limits, but quite another to see the exact areas of the Roanoke City Jail that are (and, by deduction, are not) covered by video cameras.  There is a significant difference between knowing that there are areas in the jail where one can hide from the security cameras, and knowing where exactly at least some of those areas are located.  As Defendants point out in their Motion to Quash (Dkt. No. 82), information of

this type could assist those planning attacks on inmates or staff or plotting escape by revealing the strengths and weaknesses of Jail's camera and video system. The meaningful difference between the information contained in the Defendants' pleadings and the information revealed on the video is that the later is significantly more useful for the "nefarious purpose(s)" of overcoming the Jail's internal security.

For these reasons, and other good cause appearing, the Motion is Seal is **GRANTED** and the video submitted as Exhibit E to the Motion to Quash (Dkt. No. 82-5) is sealed until further order by the Court.[2]

**Motion to Quash**

Plaintiff's subpoena duces tecum to Electronic Specialty Co. (Dkt. No. 82-1) is substantially similar in scope to Plaintiff's prior subpoena duces tecum to the Roanoke City Sheriff's Office (Dkt. No. 67-1) for records regarding the video recording system. The subpoena directed to Electronic Specialty Co. requires the production of numerous documents relating to the entirety of the Jail's video recording system from January 1, 2010 through the present. Specifically, the subpoena seeks the production of the following:

> 1. Copies of any and all proposals/bids submitted to the City of Roanoke or the Roanoke City Sheriff's Department regarding the camera and/or digital recording devices at the Roanoke City Jail from January 1, 2010 through the present.
>
> 2. Copies of any and all contracts for work regarding any camera and/or digital recording devices at the Roanoke City Jail from January 1, 2010 through the present.

---

[2] This Order shall not apply if the video is submitted as part of a motion which adjudicates the substantive rights of the parties, where the question of sealing may implicate the First Amendment or common law presumptive right of access.

3. Copies of any and all purchase orders, work orders and/or repair orders for work performed on any camera and/or digital recording device at the Roanoke City Jail from January 1, 2010 through the present.

4. Copies of any and all documentation pertaining to warranty work performed on any camera and/or digital recording device at the Roanoke City Jail from January 1, 2010 through the present.

5. Copies of any and all documentation pertaining to the brand name(s), serial numbers(s), and/or other identifying information for any and all cameras, digital recording devices, digital IP based CCTV Infrastructure, hardware, and/or software removed from, provided to, or installed at the Roanoke City Jail from January 1, 2010 through the present.

6. Copies of all invoices for work performed, including but not limited to routine maintenance and/or repairs, from January 1, 2010 through the present at the Roanoke City Jail.

7. Any and all documentation which describes any and all work performed from January 1, 2010 through the present on any camera and/or digital recording device at the Roanoke City Jail, including but not limited to invoices, work orders, journals, logs, and/or emails.

8. Copies of any and all documentation which references the location in the Roanoke City Jail of any cameras repaired, adjusted and/or replaced from January 1, 2010 through the present.

9. Copies of any and all documentation which references in any way any malfunctions, failures, adjustments, and/or repairs to any camera, DVR System, or digital recording device at the Roanoke City Jail from January 1, 2010 through the present.

10. All documents referencing the length of time that the DVR system in place at the Roanoke City Jail in November 2010 was set to record before video footage was recorded over and/or routinely deleted, e.g. 1 week, 2 weeks, or 1 month.

Plaintiff's claim is limited to whether Defendants used excessive force in violation of his constitutional rights or conspired to violate his constitutional rights. Discovery regarding the video system is properly limited to the time Plaintiff was in custody at the Roanoke City Jail and to those areas of the Jail where Plaintiff moved or was held. The videotaping of Plaintiff while in the Jail is certainly relevant as is an

understanding of any malfunction of the system which caused the unexplained gap in the videotape produced in this action. The Court finds, however, that the entire video recording system, including the placement and types of cameras throughout the entire Jail and the upgrades or changes to the system since November 2010, is not relevant to Plaintiff's claims, nor is such discovery reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the scope of the subpoena served upon Electronic Specialty Co. is properly limited to the areas where Plaintiff was while he was in the Jail. The Motion to Quash is **GRANTED IN PART** and **DENIED IN PART**, and the scope of the subpoena is hereby limited in conformity with the following:

> 1. Copies of any and all proposals/bids submitted to the City of Roanoke or the Roanoke City Sheriff's Department regarding the camera and/or digital recording devices at the Roanoke City Jail which recorded the area(s) within the Jail where Plaintiff moved or was held on November 16 and 17, 2010.
>
> 2. Copies of any and all contracts for work regarding any camera and/or digital recording devices at the Roanoke City Jail for the area(s) within the Jail where Plaintiff moved or was held on November 16 and 17, 2010.
>
> 3. Copies of any and all purchase orders, work orders and/or repair orders for work performed on any camera and/or digital recording device located within the area(s) within the Roanoke City Jail where Plaintiff moved or was held on November 16 and 17, 2010.
>
> 4. Copies of any and all documentation pertaining to warranty work performed on any camera and/or digital recording device located within the area(s) within the Roanoke City Jail where Plaintiff moved or was held on November 16 and 17, 2010.
>
> 5. Copies of any and all documentation pertaining to the brand name(s), serial numbers(s), and/or other identifying information for any and all cameras, digital recording devices, digital IP based CCTV Infrastructure, hardware, and/or software removed from, provided to, or installed at the Roanoke City Jail from the area(s) within the Jail where Plaintiff moved or was held on November 16 and 17, 2010.

6. Copies of all invoices for work performed, including but not limited to routine maintenance and/or repairs, performed within the area(s) within the Roanoke City Jail where Plaintiff moved or was held on November 16 and 17, 2010.

7. Any and all documentation which describes any and all work performed within the area(s) within the Roanoke City Jail where Plaintiff moved or was held on November 16 and 17, 2010 on any camera and/or digital recording device at the Roanoke City Jail, including but not limited to invoices, work orders, journals, logs, and/or emails.

8. Copies of any and all documentation which references the location in the Roanoke City Jail of any cameras repaired, adjusted and/or replaced from the area(s) within the Jail where Plaintiff moved or was held on November 16 and 17, 2010.

9. Copies of any and all documentation which references in any way any malfunctions, failures, adjustments, and/or repairs to any camera, DVR System, or digital recording device located within the area(s) within the Roanoke City Jail where Plaintiff moved or was held on November 16 and 17, 2010.

10. All documents referencing the length of time that the DVR system in place at the Roanoke City Jail in November 2010 was set to record before video footage was recorded over and/or routinely deleted, e.g. 1 week, 2 weeks, or 1 month.

Plaintiff is directed to modify the subpoena duces tecum as set forth in this Order. Plaintiff shall add additional information to provide further guidance to Electronic Specialty Co. as to the precise areas of the Jail in which the Plaintiff was located on November 16 and 17, 2010.

In accordance with the provisions of 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72, the parties have fourteen (14) days to note any objections to this Order. The parties are advised that the Court may not consider any objection to this Order not timely filed.

The Clerk is directed to provide a certified copy of this Order to all counsel of record.

Entered: May 8, 2013

*/s/ Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge