CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 27 2013

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL GEMAEHLICH<br>    Plaintiff, | ) <br> ) | Civil Action No. 7:12cv263 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| OCTAVIA L. JOHNSON, individually and in<br>her official capacity as Roanoke City Sheriff;<br>*et al.*,<br>    Defendants. | ) <br> ) <br> ) <br> ) <br> ) | By: Samuel G. Wilson<br>United States District Judge |

Plaintiff Michael Gemaehlich ("Gemaehlich") has filed timely objections under Fed. R. Civ. P. 72(a) to the magistrate judge's Order granting the defendants' Motion to Compel (Docket Item No. 128). The Order directed Gemaehlich to answer the following interrogatory about the dates he first consulted and hired an attorney:

> Please state the date on which you first consulted and the date on which you hired an attorney concerning pursuing a lawsuit with respect to the events on which you base this lawsuit, and identify the attorney.

While the information may have potential relevance and is not strictly protected by any privilege doctrine, the court can – and will here – limit discovery where it is likely to create additional issues without a corresponding benefit. For the reasons that follow, the court will sustain Gemaehlich's objections.

I.

The court has reviewed and considered the magistrate judge's memorandum opinion, Gemaehlich's objections, and pertinent portions of the record, all while keeping in mind the progress and complexion of the case to date. The court agrees with the magistrate judge that the information sought by the interrogatory at issue may have some remote relevance and does not enjoy the protection of a privilege. However, after considering all the relevant factors under Fed.

1

R. Civ. P. 26(b)(2)(c), the court exercises its authority for final determination of this non-consent matter and concludes that the burden of the proposed discovery outweighs its likely benefit. Instead of resolving issues, the proposed discovery may very well create additional issues without any significant, corresponding benefit.

II.

A federal judge may designate a magistrate judge to resolve numerous non-dispositive issues, including discovery disputes, and may reconsider any pretrial matter so resolved. 28 U.S.C. § 636(b)(1)(a). A district judge must modify or set aside any part of a contested order that is clearly erroneous or is contrary to law. Id.; Fed. R. Civ. P. 72(a). In addition, the district judge "always retains authority to make the final determination" in non-consent matters. Delgado v. Bowen, 782 F.2d 79, 82 (7th Cir. 1986).

Under Fed. R. Civ. P. 26(b), the general rule of discovery is that parties may obtain discovery regarding any non-privileged matter that is relevant to the claim – unless otherwise limited by court order. The court must limit the frequency or extent of discovery otherwise allowed if it determines:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(c). Just because requested information is discoverable does not mean discovery must be had. See Nicholas v. Wyndham Intern., Inc., 373 F.3d 537, 543 (4th Cir.

2004). The court finds two factors under Fed. R. Civ. P. 26(b)(2)(c) particularly compelling here: the needs of the case and the importance of the discovery in resolving the issues.

The needs of the case weigh against compelling the proposed discovery. Certainly the defendants can cross-examine Gemaehlich and assail his testimony without information in response to the interrogatory at issue. The defendants have also conducted enough discovery to file and sufficiently support a summary judgment motion.

The importance of the discovery in resolving the issues is slight and weighs against compelling it. Disclosing when Gemaehlich first consulted and hired an attorney and the identity of that attorney creates the real potential for issues later along the proverbial slippery slope. For instance, the dates Gemaehlich consulted and hired an attorney may very feasibly lead to implications about information that is protected by privilege (e.g. what he discussed with his attorneys). One can easily envision how Gemaehlich's attorneys may become potential witnesses. The court will limit the generally broad scope of discovery because the burden of the proposed discovery is outweighed by its likely benefit.

IV.

For the foregoing reasons, the court will **SUSTAIN** Gemaehlich's Objections to Magistrate Judge's Order of September 12, 2013 (Docket Item No. 130).

ENTER: September 27th, 2013.

UNITED STATES DISTRICT JUDGE

3